## JONES v. VAN DOREN et al.

*(Circuit Court, D. Minnesota.  June 16, 1890.)*

PRINCIPAL AND AGENT—NOTICE TO AGENT.

 In a suit for dower it appeared that complainant's son induced his mother, who was not familiar with business affairs, to sign a quitclaim deed for her dower interest in land to which he was entitled as heir, by misrepresentations as to the nature of the instrument. The son borrowed money, and mortgaged the land without reservation of his mother's interest. The money loaned belonged to defendant, but the note and mortgage were made to her husband, acting as her agent, and were immediately transfered to her. Her husband knew of complainant's interest in the land. *Held,* that complainant was entitled to recover the value of her dower interest from defendant, who was bound by the notice her husband had of such interest.

In Equity.

*Bigelow, Flandrau & Squires,* for complainant.

*J. M. Gilman,* for defendant.

NELSON, J.  This is a suit in equity, brought by the complainant, Sarah M. Jones, a citizen of Pennsylvania, against Matilda M. A. Van Doren, a citizen of Indiana, and Samuel J. Jones and Samuel G. Glover, citizens of Illinois.  The relief prayed for in the bill is for permission to redeem from a mortgage, should she be entitled to redemption, and that the defendant Mrs. Van Doren might be ordered to reconvey the land still held by her, on the payment of such sums as might appear from an account taken, and also for such other or different relief as the nature of the case might require, and might be agreeable to equity.

The only relief which the complainant is entitled to, in my opinion, is her right of dower in the premises covered by the mortgage foreclosed by Mrs. Van Doren, and I shall confine myself to that view of the case. The bill charged fraud by Samuel J. Jones in procuring a deed to be executed to himself by his mother, the complainant, of her dower interest in the premises covered by the Van Doren mortgage, which descended to her son, Samuel J. Jones, on the death of Robert H. Jones, intestate; and notice of this fraud by Mrs. Van Doren, who took the mortgage through her husband, and foreclosed it by sale of all the land. Mrs. Van Doren is the only defendant answering the bill, and she denies all knowledge of the fraud of Samuel J. Jones, and denies that the dower interest is of any value, and, in fact, puts in issue by her answer the material allegations in the bill of complaint.  A replication is filed, and the case is heard upon the testimony taken.  The defendant Samuel J. Jones is the only witness introduced by the complainant to sustain the allegations of the bill, and Mrs. Van Doren is the only witness for the defense.  There is no effort made to contradict Samuel J. Jones, or impeach his veracity, and full effect must be given to his evidence.

The facts are these:  Robert H. Jones died in April, 1863, intestate, and, at the time of his death, was seised in fee of an undivided one-fourth of certain lands in Minnesota.  He left surviving him the complainant, his widow, and the defendant Samuel J. Jones, his son and only heir at

law. His widow, the complainant, became entitled to a dower interest in the land, and the defendant Samuel J. Jones was the owner in fee of the same, subject to the dower interest of his mother. With a view of managing the property and protecting her interest in a division, Samuel J. Jones induced his mother to execute a deed to himself of all her interest in the land, without informing her (she being a woman not familiar with business affairs) of the character and nature of the instrument; leading her to suppose, according to his testimony, that the instrument was in the nature of a power of attorney, for the purpose of aiding and facilitating a division of the property. This instrument, which was a release and a quitclaim of all her dower interest in the property left by Robert H. Jones, her husband, was executed and delivered on the 13th day of January, 1866, and filed in the proper county in Minnesota, January 29, 1867. On July 25, 1871, Samuel J. Jones borrowed $10,000, and executed his note for that sum, and gave as security a mortgage, or trust-deed, upon property involved in this suit, to the defendant Samuel G. Glover, as a trustee. The money loaned belonged to the said Matilda A. Van Doren. W. H. Van Doren, who took the note payable to his own order, and immediately transferred it to the defendant Matilda A., his wife, acted as her agent in making the loan and taking the security; and so informed Samuel J. Jones. W. H. Van Doren was fully informed of the interest of the complainant in the mortgaged premises, and, according to the testimony of Samuel J. Jones, agreed, as the witness expresses it, "that our interests would be protected." Samuel J. Jones borrowed the money for his own purposes, and warranted the title in the mortgage without any exception or reservation of the interest in his mother. In October, 1871, William R. Marshall, one of the owners of an undivided interest in the property, commenced an action against Samuel J. Jones and others for a partition; and, in due course of time, a partition of said property was duly made, and a decree was entered, whereby 110 acres of the said property was set off in severalty to the defendant Samuel J. Jones, as the heir at law of the said Robert H. Jones. In July, or August, 1875, default having been made in the payment of the $10,000 note given by Jones to Van Doren, suit was commenced to foreclose the trust-deed, and in due course of time judgment was obtained, the property sold, and 100 acres purchased by Matilda A. Van Doren, the mortgagee, and the title finally confirmed in her. After the title had matured, she sold and conveyed 40 acres of the property, for $10,000, to William R. Marshall, who was an innocent purchaser. About six months before the commencement of this suit, after the death of W. H. Van Doren, Horace B. Jones, a nephew of the complainant, and an attorney at law, went to see Mrs. Van Doren, at Indianapolis, in regard to the interest of the complainant in the property, and whether there was any chance to make any arrangement in regard to it. Mrs. Van Doren refused to recognize complainant's right, claim, or interest in the property, and then, for the first time, Samuel J. Jones acquainted his mother with the state of affairs, and this suit was brought.

CONCLUSIONS.

The relation of parent and child is one of mutual confidence, and, while no positive fraud is shown, I think this case develops facts which, in law, are regarded constructively fraudulent. The rule is that acts, in certain cases, growing out of some special and confidential relation between the parties, are carefully watched, because they afford the means of taking undue advantage of others; and when an absolute conveyance is obtained for one purpose, and afterwards made use of for another, a court will relieve against it, under the head of fraud. Transactions between parent and child are of this class, and a court of equity will grant relief when a child obtains from a parent, who is wholly unacquainted with business affairs, a conveyance of her estate for a nominal sum. Abused confidence may exist, and the surrounding circumstances may repel the idea that it was intended as a gift. Courts of equity do not sanction, but will interpose, in a transaction between a child and his parent, where great confidence has been reposed. When the least imposition is apparent, a court of equity will extend protection in such case, and administer the relief to which the party is entitled; and, if constructive fraud is a fair inference from the facts proved, the court is authorized to draw such conclusion. The act of Samuel J. Jones in using the property to raise money for his own purposes, and his conduct in keeping his mother in ignorance of the Van Doren mortgage, and of all proceedings relating to the foreclosure, are constructively fraudulent, and as reprehensible as positive fraud. The husband of the defendant Mrs. Van Doren, although he took the mortgage in his own name, and immediately assigned it, acted as her agent in loaning the money, and in managing the transaction with Samuel J. Jones. He knew that the complainant had an interest of some kind in the mortgaged property,—either one-third in fee, or a life-estate. Jones so informed him at the time the mortgage or trust-deed was given, and Mrs. Van Doren is bound by the notice her husband had of the complainant's interest in the mortgaged property. The complainant never lost her dower interest in the land left by her husband; the consideration was entirely inadequate, and the testimony shows there was no intention to part with the interest as a gift, by the conveyance which was given. The defendant through her husband, acting as her agent, had notice of the fact. There was no statutory bar of dower, as the statute of limitations did not commence to run until the complainant discovered, just before this suit was brought, that her interest in the property would not be recognized by Mrs. Van Doren, who purchased most of it at the foreclosure sale. In the partition suit, 110 acres being set off to the heir at law, S. J. Jones, his mother, the complainant, had a dower interest in this tract, after the decree made in that suit. Inasmuch as out of the 110 acres 60 acres only are now held by Mrs. Van Doren, and the remainder was conveyed to innocent purchasers, the value of the dower interest of the complainant must be obtained from this 60 acres. The interest of the complainant is one-

third of the rental value of 100 acres. Ten acres were purchased by Mr. Galusha at the foreclosure sale, and not involved in this suit, and 40 acres were sold to Mr. Marshall for $10,000. There is no evidence in regard to the rental value of the 60 acres owned by Mrs. Van Doren. Being vacant land, and not under lease, it is questionable whether the dower interest is of any value. The amount of money received by Mrs. Van Doren for the 40 acres sold appears from the testimony; and, according to the Northampton annuity tables, upon the usual interest, at 6 per cent., the value of her dower in that portion of the tract can be easily determined, and a lien fixed upon the 60 acres. I find, therefore, that the complainant is entitled to the value of her dower interest in the part not conveyed, and for damages for having been fraudulently deprived of her interest in the rest.